**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Ronald Benn,

    Plaintiff(s),

v.

Rene Rios, et al.,

    Defendant(s).

Case No. 2:26-cv-00717-GMN-NJK

**Scheduling Order**

[Docket No. 13]

Pending before the Court is a proposed discovery plan seeking special scheduling review. Docket No. 13.

**I.    CASE MANAGEMENT DEADLINES**

This case was removed to federal court after the filing of answers in state court. *See* Docket No. 10 (notice attaching state court answers). Despite those earlier appearances, the parties did not file a proposed discovery plan promptly after removal. On June 29, 2026, the Court ordered the parties to file a discovery plan. Docket No. 8. Given the circumstances, it is not logistically feasible to calculate case management deadlines in the manner envisioned by the local rules. While they may be more accustomed to practicing in state court, counsel are cautioned that they must familiarize themselves with the rules of this federal court. *Cf. Dela Rosa v. Scottsdale Mem'l Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998). The Court will set case management deadlines based on the date of the motion to quash service that was filed after removal. *See* Docket No. 6.

Hence, the Court **SETS** case management deadlines as follows:

- Initial disclosures: July 22, 2026
- Amend pleadings/ add parties: September 16, 2026
- Initial experts: October 16, 2026
- Rebuttal experts: November 16, 2026

1

- Discovery cutoff:  December 15, 2026

- Dispositive motions:  January 14, 2027

- Joint proposed pretrial order:  February 16, 2027, or 30 days after resolution of dispositive motions

The case management deadlines are not to be considered tentative in nature.  The Court intends to enforce the case management deadlines absent a proper showing that modification is warranted, even if that request is presented jointly or by stipulation.

**II.      DISCOVERY MOTIONS**

Seeking judicial intervention on discovery disputes is *strongly discouraged*.  The Court does not generally entertain requests for informal resolution of discovery disputes, so discovery disputes must ordinarily be presented through proper motion practice.  Such motion practice must include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere effort to do so.  The parties and counsel are warned that there is a presumption that reasonable expenses—including attorneys' fees—will be awarded to the victor of a discovery motion.  The Court will not hesitate to impose such awards as warranted given their intended deterrent purpose.

Discovery motions must be filed without undue delay.  In addition, absent unusual circumstances, the Court will not consider discovery motions filed more than 14 days after the discovery cutoff.

**III.     LATER-APPEARING PARTIES**

Any later appearing party must serve initial disclosures within 21 days of that party's first appearance in the case.  The case management deadlines set forth above otherwise apply to any later appearing party as currently set, unless a request to modify those deadlines is filed and granted by the Court.

**IV.   CONCLUSION**

The pending discovery plan is **GRANTED** as stated above.

IT IS SO ORDERED.

Dated: July 13, 2026

_____
Nancy J. Koppe
United States Magistrate Judge