**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Ronald Benn,

Plaintiff(s),

v.

Rene Rios, et al.,

Defendant(s).

Case No. 2:26-cv-00717-GMN-NJK

**ORDER**

[Docket No. 6]

Attorneys and parties in federal court have a duty to conduct themselves in a manner that advances the just, speedy, and inexpensive determination of cases. *See* Fed. R. Civ. P. 1; *see also, e.g.*, Local Rule 1(b). That duty applies to the entire course of litigation, but is particularly acute in the context of service of process. There is an overarching obligation of litigants to avoid unnecessary costs of service. *Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005) (discussing Fed. R. Civ. P. 4(d)(2)). The service of process rules are not designed to create an "obstacle course" for plaintiffs to navigate nor are they designed to foster "a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 532 n.1 (N.D. Cal. 2012) (quoting *Bayview Loan Serv., LLC v. Boland*, 2009 WL 2514154, at *2 (D. Colo. Aug. 14, 2009)). Instead, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Federal courts regularly reject hyper-technical or ticky-tacky arguments challenging service. *See Smith v. Saribay*, No. 2:20-cv-00060-GMN-NJK, 2021 WL 1824292, at *2-3 (D. Nev. Apr. 29, 2021) (ordering defendants to show cause why they should not be held in default for failing to respond to the complaint despite incorrect or incomplete names in the pleadings and service papers).

In this case, the corporate defendant named in the pleadings is "Western Express, LLC." *See, e.g.*, Docket No. 1-2. Following service efforts, defense counsel filed an answer on behalf of Western Express, LLC. *See, e.g.*, Docket No. 10-3. Hence, issues concerning service on Western Express, LLC should at this point be moot. *See* Nev. R. Civ. P. 12(h)(1); Fed. R. Civ. P. 12(h)(1). Nonetheless, the same attorneys who filed an answer on behalf of Western Express, LLC have now engaged in full motion practice on behalf of Western Express Transport of California, Inc. seeking to quash service and to strike the answer that they themselves previously filed on behalf of Western Express, LLC. *See* Docket No. 6. The motion is predicated on convoluted and circular logic.[1] The motion is also divorced from the overarching requirement to avoid unnecessary service costs and to engage in litigation in a manner meant to achieve the Rule 1 objectives.[2] Indeed, it is not uncommon in the Court's experience that the name of a corporate defendant may be incorrectly captioned and, in such a scenario, counsel almost always <u>stipulate</u> to substitution so that the correct corporate defendant is identified. There should be no need for motion practice and no need for incurring additional service costs.

---

[1] The gist of the argument is that Western Express, LLC is a defunct company that was improperly named, such that the service was ineffective as to the correct corporate entity. Given their Rule 11 obligations, that is of course something that defense counsel should have assessed <u>prior to filing an answer on behalf of Western Express, LLC.</u> Moreover, the motion fails to grapple with the circular logic being advanced. For example, one must wonder how it is that Western Express Transport of California, Inc. would have standing to move to strike an answer filed by a different corporate entity. At bottom, the fact that Western Express Transport of California, Inc. is effectively seeking relief as to Western Express, LLC by way of the exact same set of lawyers who filed the subject answer would seem to suggest that this is the type of cat-and-mouse game that judges often decry.

[2] To be clear, even were the Court to find that service was defective, the resolution of the motion so finding would almost certainly not result in termination of any of the relief sought in the case. Instead, a likely result would be correction of the case caption and an order that counsel be served electronically so that the case can proceed forward. *Cf. Raphael v. Gomez*, 2025 WL 2172188, at *1-2 (D. Nev. July 21, 2025).

Accordingly, the Court **DENIES** without prejudice the pending motion to quash to afford counsel the opportunity to assess the discussion above and decide whether to stipulate to appropriate relief. Any such stipulation must be filed by July 24, 2026. If a stipulation is not filed, any renewed motion on this issue must be filed by July 31, 2026.

IT IS SO ORDERED.

Dated: July 16, 2026

Nancy J. Koppe
United States Magistrate Judge