SHAYNE L. WULTERIN, ESQ.
Nevada Bar No.: 7565
ERAN S. FORSTER, ESQ.
Nevada Bar No.: 11124
**KAHANA : FELD, LLP**
2285 Corporate Circle, Suite 230
Henderson, Nevada 89074
Tel: (702) 637-3955
Fax: (949) 245-7597
Email: TeamESF@kahanafeld.com

*Attorneys for Defendants,*
*Rene Rios and Western Express Transport of California, Inc.*

KAHANA : FELD

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD BENN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>RENE RIOS, an individual; WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC., a foreign company; DOE OWNERS I-V; DOE DRIVERS I-V; ROE EMPLOYES I-X; and ROE COMPANIES I-X, inclusive, jointly and severally,<br><br>Defendants. | CASE NO.: 2:26-cv-00717-GMN-NJK<br><br>**STIPULATION AND ORDER TO CONTINUE EXPERT AND DISCOVERY DEADLINES.**<br><br>**(FIRST REQUEST)** |

Plaintiff RONALD BENN ("Plaintiff") and Defendants RENE RIOS ("Rios") and WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC. (also known as Western Express, Inc.) ("Western Express"), through their respective counsel of record, stipulate to extend the unexpired expert disclosure, discovery, and related case management deadlines set in the Court's July 13, 2026, Scheduling Order by sixty (60) days. (ECF No. 14.) Where the sixtieth day falls on a weekend or federal holiday, the parties propose the preceding business day, so that no deadline is extended by more than sixty days.

This Stipulation and Proposed order is made pursuant to Fed. R. Civ. P. 16(b)(4), LR IA 6-1, LR IA 6-2, LR 7-1, and LR 26-3,

This is the first request to extend any deadline set in the Scheduling Order, and the Court has not previously granted an extension of any subject deadline. The parties make this request in good faith and support their request with good cause. The requested extension will permit the parties to complete the foundational party and treating provider discovery necessary for expert disclosure and reports, followed by rebuttal disclosures and expert depositions. This request is not made for the purpose of delay.

## I. LEGAL STANDARD

A request to extend discovery deadlines must include a statement specifying the discovery completed, a specific description of the discovery that remains, the reasons why the subject deadline cannot be met, and a proposed schedule for completing the outstanding discovery. *See* LR 26-3. The request must also be supported by a showing of good cause. *Id.*

The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12 (D. Nev. Dec. 15, 2015).

A stipulation to extend a deadline set in a discovery plan must be received by the Court no later than twenty-one days before the subject deadline expires, and a request made within that twenty-one-day period must be supported by a showing of good cause. LR 26-3. The Scheduling Order further provides that "[t]he case management deadlines set forth above otherwise apply to any later appearing party as currently set, unless a request to modify those deadlines is filed and granted by the Court." (ECF No. 14, at 2.)

The Court has also advised that it "intends to enforce the case management deadlines absent a proper showing that modification is warranted, even if that request is presented jointly or by stipulation." (*Id.*)

KAHANA FELD

## II. DISCOVERY COMPLETED (LR 26-3(a))

The parties conducted their Fed. R. Civ. P. 26(f) conference on July 8, 2026, and submitted a stipulated discovery plan on July 10, 2026. (ECF No. 13.) Plaintiff served his initial disclosures under Fed. R. Civ. P. 26(a)(1) on July 21, 2026. Defendant Rios served his initial disclosures on July 22, 2026, which included disclosure for Western Express, which was not yet a party to the action. The disclosed materials include medical records and billing, property damage photographs, information concerning the subject vehicles and driver, and insurance information. Defendant Western Express and Defendant Rios served supplemental disclosures on September 28, 2026.

Rios served his first sets of interrogatories, requests for production, and requests for admission on July 15, 2026. Plaintiff served responses to those requests on August 14, 2026. Defense counsel also obtained thirteen executed medical authorizations on July 22, 2026, following requests and follow-up correspondence concerning those authorizations. Medical records are still pending.

## III. DISCOVERY REMAINING (LR 26-3(b))

The following discovery remains to be completed, including the depositions of the treating providers identified in Plaintiff's initial disclosures:

1. Deposition of Plaintiff Ronald Benn, scheduled for October 16, 2026, concerning the incident, his claimed injuries, treatment, damages and authentication of documents,.
2. Deposition of Defendant Rene Rios concerning the incident and authentication of documents.
3. Corporate testimony from Western Express Transport of California, Inc. concerning the matters at issue.
4. Deposition of Victor Bruce, M.D., of Injury Center of Nevada and Cognitive Center of Nevada, scheduled for October 21, 2026.
5. Deposition of Vikram Sobti, M.D., of Opensided MRI of Las Vegas.
6. Deposition of Javier Avila of Fidelity Clinical LLC.
7. Deposition of Mat Oakden, DPT, of Injury Rehab Associates.
8. Deposition of Virginia C. Hardie, M.D., of Pain Center of Nevada and Surgery Center of Nevada, with her Surgery Center of Nevada deposition scheduled for November 3, 2026.

9. Deposition of Samuel D. Rosenthal, M.D., of 2RC.

10. Deposition of Jermaine Flanagan, PA-C, of Complete Family & Urgent Care.

11. Deposition of Rennes Bowers, D.C., of Spinal Rehabilitation Center.

12. Deposition of G.A. Longmuir, D.C., DACBR, of Shield Radiology Consultants.

13. Completion of the medical record collection and any necessary supplemental document production, followed by provision of the pertinent records and deposition testimony to the experts for review and preparation of reports.

14. Initial and rebuttal expert disclosures and reports, and depositions of the disclosed experts. This line item may have overlap with plaintiff's treating providers.

## IV. REASONS THE REMAINING DISCOVERY CANNOT BE COMPLETED UNDER THE CURRENT DEADLINES (LR 26-3(c))

The substitution of the proper corporate defendant delayed discovery directed to that defendant. The entity name of Western Express Transport of California, Inc. registered in its state of incorporation, Tennessee, and registered nationally is Western Express, Inc. Plaintiff initially named and served Western Express, LLC, a different entity registered in California. After service, the registered agent forwarded the complaint to the third-party administrator for Western Express, Inc., and the resulting confusion contributed to defense counsel inadvertently responding on behalf of Western Express, LLC.

Until the parties corrected the corporate party designation, any deposition or written discovery propounded to or answered by the named corporate defendant would have been directed to or made on behalf of Western Express, LLC rather than the intended corporate defendant. The parties therefore needed to correct the designation before proceeding with discovery directed to the proper entity. This issue did not prevent all discovery. The parties exchanged disclosures, Rios propounded written discovery, and defense counsel obtained medical authorizations, obtained medical records, and other discovery as described above.

On July 16, 2026, the Court denied the pending motion to quash without prejudice and afforded counsel the opportunity to stipulate to appropriate relief by July 24, 2026. (ECF No. 15.) The parties



KAHANA FELD

filed that stipulation on July 24, 2026 (ECF No. 16), and the Court granted it the same day, permitting Plaintiff to amend his complaint to substitute Western Express Transport of California, Inc. and dismiss Western Express, LLC without prejudice. (ECF No. 17.)

Plaintiff filed his First Amended Complaint on July 28, 2026. (ECF No. 18.) Rios and Western Express answered the First Amended Complaint on August 12, 2026. (ECF No. 19.) Western Express therefore became a named party, and answered, only after the Court entered the July 13, 2026 Scheduling Order.

Two days later, on August 14, 2026, Brian A. Morris, the attorney initially assigned to this matter, disassociated as counsel because he was no longer with Kahana ⁝ Feld, LLP, and attorney Eran S. Forster continued as counsel of record for Defendants. (ECF No. 22.)

As a result, insufficient time remains to complete the foundational discovery the experts require before the current disclosure deadlines. Plaintiff's deposition is scheduled for October 16, 2026, the same day initial expert disclosures are due. The deposition of Victor Bruce, M.D., of the Cognitive Center of Nevada, is scheduled for October 21, 2026, and the deposition of Virginia C. Hardie, M.D., of the Surgery Center of Nevada, is scheduled for November 3, 2026. These two settings are part of the treating provider depositions identified in Section III that remain outstanding, and both occur after the current initial expert deadline. The experts therefore cannot review Plaintiff's completed deposition testimony and the treating provider testimony before preparing reports under the existing schedule. Time is needed after those depositions to obtain the testimony, provide it to the experts, and permit review and preparation of their reports. Existing medical records and written responses do not replace that foundational testimony.

## V. GOOD CAUSE

Good cause supports this first request. The parties seek a limited sixty-day extension to complete identified foundational discovery following the substitution of the proper corporate defendant, which became a named party and answered after the Scheduling Order issued. The Scheduling Order expressly contemplates a request to modify the case management deadlines as to a later appearing party. (ECF No. 14 at 2.) The parties have deposition settings for Plaintiff on October



KAHANA ⁝ FELD

16, 2026, Dr. Bruce on October 21, 2026, and Dr. Hardie on November 3, 2026. Those settings leave no opportunity to incorporate that testimony into expert reports due October 16, 2026. The disclosures, written discovery, and medical authorizations described above also show that discovery proceeded while the corporate party issue was being addressed.

The parties recognize that the withdrawal of an attorney will not alone justify a delay of discovery. LR IA 11-6(d). The parties do not rely on Mr. Morris's departure as an independent basis for this request. His departure two days after Western Express answered is procedural context for the timing of this request.

The parties also recognize that this request is submitted within twenty-one days of the October 16, 2026 initial expert disclosure deadline, and they therefore address good cause for its timing. *See* LR 26-3. The request is submitted more than twenty-one days before each of the remaining subject deadlines. The corporate defendant issue was not resolved until after entry of the Scheduling Order, the pleadings were not complete until Western Express answered on August 12, 2026, and the handling attorney's disassociation followed two days later. (ECF No. 17; Doc. No. 18; Doc. No. 19; Doc. No. 22.) After reviewing the Scheduling Order and the outstanding discovery, counsel determined that the foundational discovery the experts require cannot be completed before the current expert deadline, and the parties submit this request before that deadline expires.

Under the proposed schedule, the parties will complete the foundational depositions and gather the related materials sufficiently before December 15, 2026 for the experts to prepare initial reports, exchange rebuttal disclosures by January 15, 2027, and complete expert depositions and all remaining discovery by February 12, 2027. Extending the related dispositive motion and pretrial order deadlines by the same period will permit those submissions to be prepared after discovery is complete. The Scheduling Order does not set a trial date, and the requested extension will not affect any trial setting. The parties make this stipulation in good faith to permit informed expert disclosures and completion of discovery, and not for the purpose of delay.

/ / /

/ / /



KAHANA FELD

KAHANA FELD

## VI. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY (LR 26-3(d))

The parties propose the following schedule. Each deadline is extended by sixty days or, where the sixtieth day falls on a weekend or federal holiday, to the preceding business day. No expired deadline is reopened.

| Deadline | Current Deadline (ECF No. 14) | Proposed Deadline |
|---|---|---|
| Initial expert disclosures | October 16, 2026 | December 15, 2026 |
| Rebuttal expert disclosures | November 16, 2026 | January 15, 2027 |
| Discovery cutoff | December 15, 2026 | February 12, 2027 |
| Dispositive motions | January 14, 2027 | March 15, 2027 |
| Joint proposed pretrial order | February 16, 2027, or 30 days after resolution of dispositive motions | April 16, 2027, or 30 days after resolution of dispositive motions |

### 1. Discovery Cutoff

The discovery cutoff shall be extended from December 15, 2026 to February 12, 2027. The sixtieth day, February 13, 2027, falls on a Saturday. All remaining fact and expert discovery shall be completed by the extended cutoff. The requirement that discovery motions be filed without undue delay remains in effect, and the Court's provision that, absent unusual circumstances, it will not consider discovery motions filed more than fourteen days after the discovery cutoff will apply to the extended cutoff, which makes that date February 26, 2027. (ECF No. 14 at 2.)

### 2. Amending the Pleadings and Adding Parties

The September 16, 2026 deadline to amend the pleadings and add parties has expired. The parties do not seek to extend or reopen it.

/ / /

/ / /

**3. Initial and Rebuttal Expert Disclosures**

The initial expert disclosure deadline shall be extended from October 16, 2026 to December 15, 2026. The rebuttal expert disclosure deadline shall be extended from November 16, 2026 to January 15, 2027. The requirements of Fed. R. Civ. P. 26(a)(2) otherwise remain unchanged.

**4. Dispositive Motions**

The dispositive motion deadline shall be extended from January 14, 2027 to March 15, 2027, which is thirty-one days after the extended discovery cutoff. *See* LR 26-1(b)(4).

**5. Joint Proposed Pretrial Order**

The deadline to file the joint proposed pretrial order shall be extended from February 16, 2027 to April 16, 2027. The sixtieth day, April 17, 2027, falls on a Saturday. If dispositive motions are filed, the deadline to file the joint proposed pretrial order shall be suspended until thirty days after resolution of the dispositive motions, unless the Court orders otherwise. (ECF No. 14 at 2; *see also* LR 26-1(b)(5).) The provisions governing the disclosures required by Fed. R. Civ. P. 26(a)(3) remain unchanged.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**6. Trial and Calendar Call**

The Scheduling Order does not set a trial date, and the parties do not request any trial or calendar call setting. Except for the deadlines expressly modified above, all provisions of the July 13, 2026 Scheduling Order remain in effect. (ECF No. 14.)

DATED this 1st day of October, 2026.

**KAHANA | FELD**

/s/ *Eran S. Forster, Esq.*
ERAN S. FORSTER, ESQ.
Nevada Bar No. 11124
SHAYNE L. WULTERIN, ESQ.
Nevada Bar No. 7565
2285 Corporate Circle, Suite 230
Henderson, Nevada 89074
*Attorneys for Defendants Rene Rios and Western Express Transport of California, Inc.*

**MORGAN & MORGAN**

/s/ *Michael A. Direnzo, Esq.*
MICHAEL A. DIRENZO, ESQ.
Nevada Bar No. 13104
6725 Via Austi Parkway, Suite 275
Las Vegas, Nevada 89119
*Attorney for Plaintiff Ronald Benn*

**IT IS SO ORDERED:**
Dated: October 2, 2026

UNITED STATES MAGISTRATE JUDGE

Respectfully submitted by:

Dated: October 1, 2026.

**KAHANA : FELD, LLP**

/s/ *Eran S. Forster, Esq.*
ERAN S. FORSTER, ESQ.
*Attorneys for Defendants,*
*Rene Rios and Western Express Transport of California, Inc.*